IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-150-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| DANYELLE WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Federal Bureau of Investigations. Defendant presented the testimony of the proposed third-party custodian, her mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a one-count indictment on 21 May 2013 with bank robbery on 19 December 2012 in violation of 18 U.S.C. § 2113(a). The evidence presented at the hearing showed that defendant robbed the Fort Bragg Federal Credit Union on the alleged offense date. She did so by passing a note to a teller to the effect, "Put the money in the bag. I have a gun."

There is no evidence that she did, in fact, have a gun with her. The teller put $5,200.00 in the bag and defendant exited the credit union. Videotape of the robbery clearly showed defendant as the robber.

After exiting the credit union, defendant walked to a nearby parking lot where her boyfriend accomplice, Jeffrey Olds ("Olds"), was waiting for her in an SUV. He had a pistol with him. After several days, defendant contacted a friend in Kentucky, and asked her to drive to Raleigh and take her and her boyfriend back to Kentucky. The friend contacted authorities and a rendezvous was arranged between the friend (who never left Kentucky) and defendant for 30 December 2012 on Capital Boulevard in Raleigh. Police arrested Olds at the arranged location and defendant at a nearby hotel where Olds said she was staying. A pistol and ammunition was found in the hotel room.

Defendant admitted to the robbery, and while initially denying that Olds played any role, subsequently implicated him. She was on state pretrial release at the time of the robbery for charges of felony larceny by employee and felony embezzlement, which she alleged committed in August and September 2012. Defendant has two minor children, one who lives with defendant and the other who is in foster care, but whom defendant attempts to see often. Both children live in Fayetteville, as does her mother.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the violent nature of the offense charged; the circumstances of the offense charged, including its relative recency (161 days ago), the implicit threat of violence in the note to the teller, the possession of a firearm by her boyfriend

accomplice acting as the get-away driver, and defendant's attempt to flee interstate to avoid prosecution and thereby leave behind her family; the pending state charges against defendant; the danger of continued offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, including specifically defendant's compliance with the enhanced conditions of state pretrial release to which she has been subject since her apprehension for the robbery on 30 December 2012, which include electronic monitoring. It finds, however, that the factors favoring detention outweigh such evidence. The period of compliance with state release is too short to provide reasonable assurance that defendant will not flee or cause harm to the community, in light of the aggravated nature of the alleged offense conduct and her commission of it while on pretrial release. In addition, she incurred her larceny by employee and embezzlement charges a relatively short time before the robbery, and she does not have a significant prior criminal record (*i.e.*, two misdemeanor convictions from 2006 and 2008, respectively). These facts suggest that defendant has been going through a period of erratic, aberrant activity. The record does not provide reasonable assurance that any such period has come to an end.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an

attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 31st day of May 2013.

_____
James E. Gates
United States Magistrate Judge